UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID WAILES,<br><br>              Plaintiff,<br>     v.<br><br>ALLSTATE INSURANCE COMPANY, a foreign insurance company, and DAVID BAMFORD, an individual,<br><br>              Defendants. | CASE NO. 2:23-cv-01651-TL<br><br>ORDER OF REMAND |

This matter is before the Court on its Order to Show Cause Regarding Subject Matter Jurisdiction. Dkt. No. 5. Having reviewed the response of Defendants Allstate Insurance Company and David Bamford (Dkt. No. 9) and the response of Plaintiff David Wailes (Dkt. No. 11), the Court hereby finds that it lacks subject matter jurisdiction and REMANDS this case to King County Superior Court.

Defendant Allstate assert diversity jurisdiction on the basis that Defendant David Bamford, an employee of Defendant Allstate who handled Plaintiff's insurance claim, is

ORDER ON SUBJECT
MATTER JURISDICTION - 1

fraudulently joined as a party to the case and should be disregarded for purposes of determining whether diversity jurisdiction exists. Dkt. No. 1 at 3–4. However, this Court previously rejected the same arguments—from the same Defendant—in *Xu v. Weis*, No. C22-118, 2023 WL 2142683 (W.D. Wash. Feb. 21, 2023). Thus, it is incumbent upon Defendant Allstate to demonstrate why the Court should reach a different conclusion here. It has not done so.

First, Defendant Allstate asserts that "[s]ignificant differences in the facts and pleadings exist" between this case and *Xu*. Dkt. No. 9 at 1. But it largely does not explain what those "significant differences" are. To the extent the alleged difference is that "Plaintiff seeks nothing from [Defendant] Bamford individually" (Dkt. No. 9 at 4), Plaintiff states that any such language "is a mistake . . . and, if necessary, Plaintiff will amend his complaint to make crystal clear he is seeking a judgment against [Defendant] Bamford individually" (Dkt. No. 11 at 9). *See Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) ("Remand must be granted unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" (quoting *Burris v. AT&T Wireless, Inc.*, No. C06-2904, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006))). That Plaintiff omitted Defendant Bamford from the relief section of the complaint does appear to be an error, as Plaintiff specifically includes Bamford in two causes of action. *See* Dkt. No. 1-1 ¶¶ 4.6–4.7.

Second, Defendant Allstate points to "new, evolving case law." Dkt. No. 9 at 1. That appears to be a reference to two decisions in *Wise v. Long* issued within three months after this Court's decision in *Xu*. No. C23-5111, 2023 WL 2787223 (W.D. Wash. Apr. 5, 2023) (denying motion for remand), 2023 WL 2568510 (W.D. Wash. May 19, 2023) (denying motion for reconsideration). But in *Wise*, the plaintiff "repeatedly said that she is not seeking any relief" against the individual insurance adjusters, whereas Plaintiff here clarifies that he seeks relief against Defendant Bamford individually. 2023 WL 278223, at *4. Moreover, the *Wise* court held

that "under settled Washington law, claims against insurance adjusters for bad faith and for CPA violations fail to state a claim as a matter of law." *Id.* (citing *Keodalah v. Allstate Ins. Co.*, 449 P.3d 1040 (Wash. 2019)). But this Court already considered at length—and rejected—this understanding of *Keodalah*, holding instead that "[t]he Washington Supreme Court did not foreclose the assertion of a common law bad faith claim or non-*per se* CPA claim against an individual employee adjustor." *Xu*, 2023 WL 2142683, at *4. Plaintiff also provides an unpublished order of the Washington Court of Appeals stating that "the Court's holding in *Keodalah* does not clearly extend to common law claims of insurance bad faith against employee adjusters." *Hunt v. USAA Cas. Ins. Co.*, No. 54497-1, slip op. at 4 (Wash. Ct. App. 2021) (available at Dkt. No. 12-1).

Defendant Allstate has not presented any new information or arguments that persuade the Court to reach a different conclusion here than it did in *Xu*. Accordingly, this matter is hereby REMANDED to King County Superior Court.

Dated this 27th day of November 2023.

Tana Lin
United States District Judge